J-S17013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JALIK PEAY, | |
| Appellant | No. 2030 EDA 2017 |

Appeal from the PCRA Order Entered June 12, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011915-2010

BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

MEMORANDUM BY BENDER, P.J.E.:               **FILED JUNE 18, 2018**

Appellant, Jalik Peay, appeals *pro se* from the post-conviction court's June 12, 2017 order denying his first petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The PCRA court summarized the facts of Appellant's case in its Pa.R.A.P. 1925(a) opinion, and we need not restate them in detail herein.  **See** PCRA Court Opinion (PCO), 9/22/17, at 1-2.  We only note that Appellant was convicted of attempted murder and related offenses in June of 2012.  This Court affirmed his judgment of sentence on October 22, 2015, and in March of 2016, our Supreme Court denied his petition for allowance of appeal.  **See Commonwealth v. Peay**, 134 A.3d 104 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 135 A.3d 585 (Pa. 2016).

On July 14, 2016, Appellant filed a timely, *pro se* PCRA petition. Gina A. Capuano, Esq., was appointed to represent Appellant. However, rather than filing an amended petition on Appellant's behalf, Attorney Capuano filed a ***Turner/Finley***[1] 'no merit letter' and a petition to withdraw. On April 10, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Appellant did not respond to the court's Rule 907 notice or Attorney Capuano's petition to withdraw; accordingly, on June 9, 2017, the PCRA court granted counsel leave to withdraw.[2] On June 12, 2017, the court issued an order dismissing Appellant's petition.

On June 16, 2017, Appellant filed a timely, *pro se* notice of appeal. On June 28, 2017, the PCRA court issued an order directing him to file a Pa.R.A.P. 1925(b) statement. According to the PCRA court, it received a *pro se* Rule 1925(b) statement from Appellant on July 18, 2017, but Appellant never actually filed that document. ***See*** PCRA Court Opinion (PCO), 9/22/17, at 4.

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] We note that Attorney Capuano's petition was orally granted by the PCRA court at a brief hearing that occurred on June 9, 2017. However, the docket does not include an entry showing that proceeding took place, and the certified record transmitted to this Court did not initially include any transcripts from that brief hearing. Moreover, because the PCRA court did not file a written order granting counsel's petition, the trial court's docket also did not evince that any decision had been made on counsel's request to withdraw. Only recently were the transcripts of the June 9, 2017 hearing added to the certified record, and the docket retroactively corrected to note the PCRA court's granting of counsel's petition. We suggest that in the future, the PCRA court file a written order to accompany any oral grant of a petition to withdraw, so as to make the record clear for appellate review.

Nevertheless, on September 22, 2017, the court issued a Rule 1925(a) opinion addressing the following three, *pro se* issues raised in Appellant's concise statement and reiterated herein:

(a)  Was counsel for [Appellant] … ineffective when he failed to object to the judge's improper, and prejudice [*sic*] jury instruction?

(b)  Was [Appellant] not intittled [*sic*] to a fair hearing, with all constitutional rights intact[?]

(c)  Is it law that all sentences shall be authorized by the sentencing code, with the statutes applied so a defendant can be aware of the legislature's intent on what punishment is required for a crime[?]

Appellant's Brief at 2.

We have reviewed the certified record, the briefs of the parties, and the applicable law.  Additionally, we have reviewed the opinion of the Honorable Ann M. Butchart of the Court of Common Pleas of Philadelphia County.  We conclude that Judge Butchart's opinion sufficiently addresses the issues presented by Appellant.  Accordingly, we adopt her opinion as our own and affirm the order denying Appellant's PCRA petition on the grounds set forth therein.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/18